UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY SAM LADD,

    Plaintiff,

v.                                              Case No. 3:19cv4820-LC-HTC

NET SPEND,

    Defendant.
_____/

### REPORT AND RECOMMENDATION FOR DISMISSAL OF FIRST AMENDED COMPLAINT

Plaintiff, Anthony Sam Ladd, a prisoner at the Escambia County Jail proceeding *pro se* and *in forma pauperis*, initiated this case by filing a complaint under 42 U.S.C. § 1983 on November 17, 2019. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The Court previously reviewed his complaint and determined that it failed to state a claim because Plaintiff failed to allege that Net Spend was a person acting under color of state law as required to trigger jurisdiction under 42 U.S.C. § 1983 and otherwise provided no other basis for federal jurisdiction. ECF Doc. 7.

Because of Plaintiff's *pro se* status, however, the Court provided Plaintiff an opportunity to voluntarily dismiss this case or clarify his allegations in an amended complaint. *Id.* Plaintiff has now filed an amended complaint which does not remedy the defects in the original complaint and which demonstrates that future attempts by Plaintiff to state a federal claim would be futile. ECF Doc. 8. The undersigned therefore respectfully recommends that this case be dismissed for failure to state a claim.

I. **Background**

In his original complaint, Plaintiff alleged he was a prisoner at Escambia County Jail bringing a claim under 42 U.S.C. § 1983 against Net Spend, an Austin, Texas bank, for failing "to compensate funds to [Plaintiff] after a theft illegally was above my control" despite making promises to do so. He alleged that this has caused him "very deep financial, mental and emotion distress/hardship to the well-being of me and my family welfare. Complete bankrupted." ECF Doc. 1 (spelling and punctuation as in original). Specifically, he claims that Cassandra Castleberry used his ATM card and pin number to spend all his money without his permission; that he reported it to the police and to Net Spend who had promised to reimburse such thefts; that Net Spend had not complied with his requests for reimbursement; and that he "didn't receive a check for Oct. 2019, totaling 2313.00." He did not explain

what the October 2019 check represented. The complaint was submitted on the official "Civil Rights Complaint Form to Be Used by Prisoners in Actions Under 42 U.S.C. § 1983."

In his one-page amended complaint, Plaintiff alleges even less. He alleges simply, "Net Spend has violated my Sixth Amendment, Seventh Amendment, and Fourteenth Amendment. Disregard October 2019 alleged deposit, that was never made or given." ECF Doc. 8.

## II.   Analysis

As an initial matter, although Plaintiff's amended complaint is the operative pleading and replaces his prior complaint, it has only the scant allegations set out above. Therefore, in an effort to read Plaintiff's amended complaint liberally, as the Court must, the undersigned also considers *all* the allegations in both complaints to determine whether they collectively state a cause of action. *See Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013), *aff'd*, 796 F.3d 1 (D.C. Cir. 2015) ("The Court may consider the original Complaint and Plaintiffs' other filings, including sworn statements, in evaluating the Amended Complaint [on a MTD]."); *Little v. City of New York*, No. 13 CV. 3813 JGK, 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014) ("[b]ecause the plaintiff is proceeding pro se, the Court will consider the Original Complaint and the Amended Complaint together as the operative

pleading"); *Roth v. Farmingdale Union Free Sch. Dist.*, No. 18CV4319AMDARL, 2019 WL 3281126, at *1 n. 2 (E.D.N.Y. July 19, 2019) ("All facts are taken from the complaint, amended complaint, and attached exhibits. . . . Courts ordinarily do not consider prior iterations of a complaint, but because the plaintiff proceeds *pro se*, I interpret both the original and amended complaint together as the operative complaint.").

### A.   Legal Standard for Screening

Under 28 U.S.C. § 1915(e)(2)(B), this Court must review Ladd's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b) (requiring screening of an action brought by a prisoner against a governmental entity or officer or employee of a governmental entity).   In undertaking this review, the Court reads Ladd's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519 (1972).   Additionally, in determining whether a complaint should be dismissed on screening, the Court applies the same standards for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).   *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

To survive dismissal for failure to state a claim under 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to protect a complaint from dismissal. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that is, "cross the line from conceivable to plausible." *Id.* at 570. As the Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Upon review of the amended complaint, the undersigned respectfully recommends that this action be dismissed pursuant to 28 § 1915(e)(2)(B)(ii) because Ladd does not allege a basis for federal court subject matter jurisdiction.

Additionally, Ladd has already had an opportunity to amend his complaint, and the undersigned finds that further opportunities to amend would be futile.

## B.     Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

### 1.     Subject Matter Jurisdiction under 42 U.S.C. § 1983

As stated above, Plaintiff initiated this action by filing a complaint under 42 U.S.C. § 1983.  A claim under § 1983 requires Plaintiff to establish two elements:

> 1. the conduct complained of was committed by a person acting under color of state law; and
>
> 2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  "These two elements are jurisdictional requisites for a section 1983 action."  *Nail v. Cmty. Action Agency of Calhoun Cty.*, 805 F.2d 1500, 1501 (11th Cir. 1986).

Plaintiff's amended complaint, however, fails to allege that Net Spend was "a person acting under color of state law" as required by 42 U.S.C. § 1983.  *See Myers v. Bowman*, 713 F.3d 1319, 1329–30 (11th Cir. 2013).  "The traditional definition of acting under color of state law requires that the defendant in a [section] 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  "A person acts under color of state law when he acts with authority possessed by

virtue of his employment with the state," *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir.2001), or when "the manner of his conduct ... makes clear that he was asserting the authority granted him and not acting in the role of a private person," *Williams v. United States*, 341 U.S. 97, 100 (1951). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1523 (11th Cir. 1995).

Here, Ladd alleges that Net Spend is a bank and not a state entity. Further, he does not allege that Net Spend was asserting any kind of state authority in declining to reimburse Ladd. Therefore, Ladd has not alleged that Net Spend is a state actor as required to trigger subject matter jurisdiction under 42 U.S.C. § 1983.

2. **Federal Question Jurisdiction**

Also, Ladd has not shown any basis for federal question jurisdiction. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court, in this case Plaintiff Ladd. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

Ladd claims that Net Spend violated the Sixth, Seventh and Fourteenth Amendments to the U.S. Constitution. ECF Doc. 8. However, "[t]he constitution does not affect the relations between private parties, 'however discriminatory or wrongful.' *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948), and the Sixth, Seventh and Fourteenth Amendments, which prohibit "the states from denying federal constitutional rights," apply "to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837–38 (1982) (citing *Civil Rights Cases*, 109 U.S. 3, 11 (1883). Here, as noted above, Ladd only challenges the acts of Net Spend, which he admits is a private bank and therefore not a state or agent thereof. Therefore, the Sixth, Seventh and Fourteenth Amendments do not apply to his claims, and Ladd has thus not alleged a basis for federal question jurisdiction.

### 3. Federal Diversity Jurisdiction

As to diversity jurisdiction, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between the citizens of one state and the citizens or subjects of a foreign state. *See* 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The party invoking federal jurisdiction, in this case Ladd,

must establish the citizenship of the parties and that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *McNutt*, 298 U.S. at 189.  Here, Ladd has not alleged the citizenship of the parties or that the amount in controversy exceeds $75,000, not counting interest and costs.  Therefore, he has not met his burden of establishing diversity jurisdiction.

### III.   Conclusion

Ladd's amended complaint is more deficient and less substantive than his prior complaint.  Moreover, even when the Court liberally reads all the allegations in both Ladd's complaints together, Ladd's allegations simply do not support subject matter jurisdiction in this Court.  While a plaintiff, particularly a *pro se* plaintiff, should be given an opportunity to amend prior to dismissal, the undersigned simply does not believe that, even with a more carefully drafted complaint, Ladd could state a claim.  Thus, the undersigned finds that an additional opportunity to amend would be futile.  *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (citing *Bank*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

Accordingly, it is respectfully RECOMMENDED, that:

1.    The amended complaint, ECF Doc. 8, be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

2.    The clerk be directed to close the file.

At Pensacola, Florida, this 28th day of January, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.